UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 13-10098-FDS |
| ) | |
| HUNTER RIGSBY, ) | |
| Defendant. ) | |

## ORDER OF FORFEITURE (MONEY JUDGMENT)

**SAYLOR, D.J.**

WHEREAS, on April 8, 2013, a federal grand jury sitting in the District of Massachusetts returned a two-count Information charging defendant Hunter Rigsby (the "Defendant") with Health Care Fraud, in violation of 18 U.S.C. § 1347 (Count One), and Kickbacks, in violation of 18 U.S.C. § 1320a7-b (Count Two);

WHEREAS, the Information also contained a forfeiture allegation, pursuant to 18 U.S.C. § 982, which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of any offense alleged in Counts One and Two of the Information, of any property, real or personal, that constitutes, or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offenses. Such property specifically included, without limitation, the following:

    a.    a sum of money equal to $70,000 in United States currency, representing the amount of gross proceeds traceable to the offenses;

WHEREAS, the Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty,

the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 18 U.S.C. § 982;

WHEREAS, on May 14, 2013, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One and Two of the Information, pursuant to a written plea agreement that he signed on April 5, 2013;

WHEREAS, in Section 10 of the plea agreement, the Defendant agreed to forfeit to the United States $70,000 in United States currency on the grounds that such amount constitutes, or is derived, directly or indirectly, from gross proceeds traceable to the commission of Defendant's offenses as a result of his guilty plea;

WHEREAS, subsequently the United States agreed to a reduction of the forfeiture in the amount of $4,875, which represents the restitution to be paid by the Defendant to secondary insurers that suffered losses as a result of the Defendant's offenses;

WHEREAS, based on the Defendant's admissions in the written plea agreement, his guilty plea on May 14, 2013, and his subsequent agreement with the United States as to a reduction in forfeiture based upon entry of restitution, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant in the amount of $65,125 in United States currency, pursuant to 18 U.S.C. § 982;

WHEREAS, the amount of $65,125 in United States currency constitutes proceeds that the Defendant obtained as a result of violations of 18 U.S.C. § 1347 and 18 U.S.C. § 1320a7-b;

WHEREAS, the United States has filed a Motion for Order of Forfeiture that would consist of a personal money judgment against the Defendant in the amount of $65,125 in United States currency; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Defendant shall forfeit to the United States the sum of $65,125 in United States currency, pursuant to 18 U.S.C. § 982.

2. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3. The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4. The United States may, at any time, conduct pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), as incorporated by 28 U.S.C. § 2461(c), any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5. Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court against the Defendant.

_____
F. DENNIS SAYLOR, IV
United States District Judge

Dated: August 14, 2013